UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) | |
| vs. | ) ) | CRIMINAL ACTION No. 16-mj-06024-MPK |
| OSWALDO SOUSA, | ) ) | |
| Defendant. | ) ) | |

ORDER ALLOWING THE
GOVERNMENT'S MOTION FOR DETENTION

April 4, 2016

KELLEY, U.S.M.J.

Mr. Sousa is charged by complaint with violating 18 U.S.C. §922(g)(1), felon in possession of a firearm. His detention hearing and probable cause hearing were scheduled for today. Mr. Sousa, represented by counsel, waived his right to a probable cause hearing and the court found that waiver to be knowing and voluntary. With regard to detention, the government argued that Mr. Sousa is a danger to the community and moved for detention under 18 U.S.C. §3142 (f)(1)(E). The parties agreed to proceed by way of proffer at the hearing. A Pretrial Services Report was furnished to the court and did not recommend release.

The government argued that Mr. Sousa, a felon, sent text messages with pictures of firearms to the cooperating witness in this case, offering them for sale, and then sold a firearm to the witness at a meeting that was audio and video recorded. After the sale the witness had a

1

phone call with Mr. Sousa in which according to the government, Mr. Sousa learned that the witness was planning to use the gun to commit a crime and gave him advice about how to evade arrest. The government stated that Mr. Sousa is a member of the Bloods gang and that his codefendant, Mark Leaston, is also a "well-known" member of the gang.

In a separate matter, not directly connected to the case in this court, Mr. Sousa was alleged to have made threatening phone calls to a person at his former job who had fired him. During the investigation of that case, Mr. Sousa's residence was searched and a firearm and ammunition were found there, along with marijuana packaged for sale, a substance the police thought was cocaine, and numerous cell phones and drug dealing paraphernalia such as a scale. The government stated that the threats "terrorized" the alleged victim and caused two people to move out of their residence temporarily because they were in fear of Mr. Sousa.

Mr. Sousa's attorney presented a letter from a service coordinator for the Massachusetts Department of Developmental Services verifying that Mr. Sousa is eligible for services and thus has been found to be cognitively disabled. He asked that Mr. Sousa be allowed to return to an apartment he lives in adjacent to his parents' apartment, where he formerly lived.

Mr. Sousa is twenty-nine years old. He has a work history as a janitor spanning the last six years. His criminal record shows convictions for assault and battery, assault with a dangerous weapon, and malicious destruction of property from about ten years ago.

Under the Bail Reform Act, the defendant may only be detained pending trial if the government establishes by clear and convincing evidence that he poses "a danger to the safety of any other person or the community if released." 18 U.S.C. § 3142(f); *United States v. Patriarca*, 948 F.2d 789, 791-793 (1st Cir. 1991). If there is some risk, the Court should

consider whether a combination of release conditions "will serve as a reasonable guard." *Id.* at 791.

In determining whether suitable release conditions exist, the judicial officer must take into account the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the accused, including family ties, employment and other factors; and (4) the nature and seriousness of the danger posed by the person's release. 18 U.S.C. § 3142(g). Each of these factors must be weighed, and the decision on whether to release is an individualized one. *Patriarca*, 948 F.2d at 794.

The government has met its burden of proof on the defendant's posing a danger to the community. The case against Mr. Sousa is strong, as the sale of the gun was video and audio taped. He and his codefendant, with whom he was working, are members of the Bloods gang, and he sold a gun to someone whom he knew was going to use it in a crime. When he lost his job, he threatened the person responsible for terminating him with harm, and when his house was searched, another gun and items that suggest that he was selling drugs were found. In total, the circumstances here establish that there are no conditions that will reasonably assure the safety of the community.

## ORDER OF DETENTION PENDING TRIAL

In accordance with the foregoing memorandum, IT IS ORDERED:

1. That Mr. Sousa be committed to the custody of the Attorney General or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from

persons awaiting or serving sentences or being held in custody pending appeal;

    2. That he be afforded a reasonable opportunity for private consultation with counsel; and

    3. That on order of a court of the United States or on request by an attorney for the Government, the person in charge of the corrections facility in which he is detained and confined shall deliver him to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

### RIGHT OF APPEAL

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

                                                /s/ M. Page Kelley
                                                M. PAGE KELLEY
                                                United States Magistrate Judge